```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

DEBRA LEE CLARK,                )
                                )
            Plaintiff,          )
                                )
v.                              )      Case No. CIV-14-166-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Debra Lee Clark (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 11, 1959 and was 53 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a receptionist and a laborer. Claimant alleges an inability to work beginning October 1, 2002 due to limitations resulting from Crohn's disease, diabetes, high blood pressure, irritable bowel syndrome, and depression.

3

**Procedural History**

On June 7, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 24, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On November 15, 2012, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on February 25, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. He alternatively found Claimant retained the RFC to perform a full range of light work with restrictions.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to perform a proper credibility analysis; (2) failing to reach an RFC supported by substantial evidence; and (3) finding Claimant could perform her past relevant work at step four.

**Credibility Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of essential hypertension, diabetes mellitus, and obesity. (Tr. 12). The ALJ also found Claimant retained the RFC to perform a full range of light work with restrictions. In so doing, the ALJ determined Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday. Claimant was also able to occasionally climb stairs and ramps but never climb ladders, ropes, or scaffolds with no stooping, kneeling, crouching, or crawling, and avoiding excessive exposure to temperature extremes and unprotected heights. Claimant was also found to need the option to alternately sit and stand throughout the workday. (Tr. 14-15). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of telephone solicitor and check cashier, both of which he testified existed in sufficient numbers in the regional and national economies. (Tr. 21). Based upon these findings, the

5

ALJ concluded Claimant was not under a disability from October 1, 2002 through the date of the decision. (Tr. 22).

Claimant testified that she could not perform her prior job as a reservationist with the parks department because of her uncontrollable need to go to the restroom. Claimant also stated she experienced nausea and vomiting. (Tr. 28, 30). Claimant testified that she was diagnosed with inflammatory bowel disease and prescribed medication (Prednisone) which caused her to hallucinate and experience severe weight gain. (Tr. 30-31). When she had a flare up of her disease, Claimant stated that she would lock her office and could not leave the bathroom because she couldn't control her bowels. She would miss on average four to five days per month of work with the condition. (Tr. 31-32). She also has dry heaves and nausea every morning that is uncontrollable. (Tr. 32). She rarely leaves the house because she cannot control her bowels. Id. She testified that she has Crohn's disease and takes anti-inflammatory medication but not Prednisone. Her problems are worse now than when the condition began. (Tr. 33). Because of her rapid weight gain, she also suffers from diabetes, taking Metformin, Glipizide, and insulin. She does not consider her diabetes to be under control. (Tr. 34).

Claimant states that she cannot stand long, cleaning when she

6

feels like it, cooking when she is able, and functioning at home as best she can.  After going to the restroom, Claimant must lay down because of nausea.  This occurs every day.  (Tr. 35).  She states that this requirement makes it impossible for her to work.  Id.

The ALJ discounted Claimant's credibility.  He cited inconsistencies between the testimony and the medical record.  He noted Claimant underwent an x-ray of her colon in January of 1993 which was contained an annotation that the x-ray was highly suspicious for inflammatory bowel disease.  Subsequent testing was within normal limits.  In September of 2001, a colonoscopy revealed mild changes but a biopsy did not confirm Crohn's disease.  (Tr. 15).  In a March 2002 hospitalization, no complaint of bowel dysfunction was noted and an abdominal ultrasound showed no abnormalities.  In June of 2003, Claimant was admitted to the hospital with abdominal pain from an ovarian cyst and complained of problems with bowel movements.  She was discharged, however, with no nausea and normal bowel movements.  (Tr. 16).

In April of 2004, Claimant reported pain in the flank with radiating pain to her groin.  No reference to abnormal bowel movements was noted.  An abdominal CT scan revealed mesenteric lymphadenitis and treatment was provided with a follow up with her primary care physician.  No further treatment is noted in the

record from April 2004 through November 2005 which the ALJ found to run contrary to Claimant's assertion of debilitating symptoms. (Tr. 16-17). He also noted the largely normal colonoscopy which was performed on Claimant in September of 2011. (Tr. 18).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the

8

individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ fulfilled his obligation to link his findings on credibility to the factual record. He noted numerous inconsistencies between Claimant's stated limitations allegedly brought about by her condition and the actual treatment and medical findings made of record. Moreover, Claimant's briefing is devoid of any specific reference to an error in the ALJ's findings other than citing the boilerplate cases and regulations on consideration of credibility. This Court attributes no error to the ALJ's credibility conclusions.

**RFC Determination**

Claimant also contends the ALJ's RFC determination was not supported by substantial evidence in the record. Again, Claimant cites to the relevant case authority without specifically referencing the manner in which the ALJ erred in his consideration of the evidence in light of the authority. The ALJ specifically stated that he relied upon the findings of Dr. Beau C. Jennings, the consultative examiner in this case. Dr. Jennings examined Claimant on March 9, 2012 and concluded Claimant could continuously lift/carry 20 pounds, sit for 4 hours at a time and 8 hours in an 8 hour workday, stand for one hour at a time and 4 hours in an 8

hour workday, and walk for one hour at a time and 3 hours in an 8 hour workday. She did not require the use of a cane. (Tr. 535-36). Dr. Jennings found no limitations in reaching, handling, fingering, feeling, or pushing/pulling. Claimant was determined to be able to operate foot controls. (Tr. 537). He concluded Claimant could occasionally climb stairs and ramps, frequently balance, but never climb ladders or scaffolds, stoop, kneel, crouch, or crawl. (Tr. 538). He also found few environmental limitations upon Claimant's ability to work. (Tr. 539). The ALJ gave this opinion "great weight" stating it was substantiated by the record as a whole. (Tr. 18). He also considered the opinions of the non-examining state agency physicians as well as the third party function report submitted by Claimant's husband, finding all of this information supported his RFC finding. (Tr. 19). As previously stated, the ALJ also discounted Claimant's credibility in the extent of her disabling diarrhea and nausea, concluding the testimony was not supported by the medical treatment record. (Tr. 20).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional

capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p.  The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id.  The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  Id.  However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).  The ALJ's RFC assessment was supported by substantial evidence.  The ALJ properly relied upon the functional findings of Dr. Jennings as well as a thorough review of the medical treatment records to reach his conclusions.

## Duty to Develop the Record

Claimant asserts the issue that the ALJ failed to adequately develop the record.  She does not, however, indicate where and in what manner the record is deficient.

Generally, the burden to prove disability in a social security

case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361. The ALJ possessed all relevant information to make his decision, including consultative examiner and non-examiner opinions. The ALJ, therefore, fulfilled his obligation to adequately develop the record for his consideration.

**Step Four Analysis**

As a final issue, Claimant contends the ALJ failed to proceed

through the necessary analysis before concluding she could perform her past relevant work as a receptionist. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has already determined that the ALJ's RFC determination was supported by the record.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The vocational expert testified that Claimant's reservationist job required sedentary exertional requirements with an SVP of 4, semi-skilled under the *Dictionary of Occupational Titles,* 238.367-022. (Tr. 37). The ALJ fulfilled his obligation at this phase by adopting the expert's analysis. (Tr. 20-21).

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The expert concluded Claimant could perform her past relevant work under the stated RFC. (Tr. 38-39). The ALJ found that the requirements of Claimant's past relevant work mirrored his

13

RFC assessment that Claimant could perform sedentary work. The ALJ fulfilled his required analysis in the third phase. This Court finds no error in the step four evaluation.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 26th day of May, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE